IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO.: _____

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY, as subrogee of East West Manufacturing, LLC, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) **(JURY TRIAL DEMANDED)** |
| vs. | )<br>) |
| PHD ENERGY, INC. and FLOCK GROUP INC., | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, THE PHOENIX INSURANCE COMPANY, as subrogee of East West Manufacturing, LLC ("Phoenix"), by and through its undersigned attorneys, and for its complaint against defendants PHD Energy, Inc. and Flock Group Inc., would respectfully show this Court the following:

## THE PARTIES

1. Plaintiff, The Phoenix Insurance Company is a Connecticut corporation having its principal place of business at One Tower Square, Hartford, Connecticut. Phoenix is in the business of writing property and casualty insurance coverage, including fire and water loss coverage and is duly licensed and authorized to do business in the State of North Carolina. At all relevant times, Phoenix insured East West Manufacturing, LLC's business personal property and business income losses at 25 Weathers Street, Youngsville, North Carolina under policy No.: HN630 0L971743.

1

2. Plaintiff's subrogor, East West Manufacturing, LLC, ("East West") is a Georgia limited liability company, having its principal place of business at 4170 Ashford Dunwoody Road, Suite 375, Atlanta, Georgia 30319-1442. At all relevant times, East West was in the integrated assembly business and operated an assembly facility at 25 Weathers Street, Youngsville, North Carolina 27596.

3. Defendant PHD Energy, Inc. ("PHD Energy") is a corporation organized and existing under the laws of the State of Texas, with a principal place of business located at 5050 East State Highway 29, Suite A, Georgetown, Texas 78626-3173. At all times hereinafter mentioned, defendant PHD Energy was engaged in, <u>inter alia</u>, the design and manufacture of lithium-ion batteries and chargers for consumer and commercial product applications. PHD Energy may be served with process by serving its registered agent at: Hui Xie, 2203 Spring Hollow Path, Round Rock, Texas 78681.

4. Defendant Flock Group Inc., ("Flock Group") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 1170 Howell Mill Road NW, Suite 210, Atlanta, Georgia. At all times hereinafter mentioned, defendant Flock Group was engaged in, <u>inter alia</u>, the business of solar and battery-operated security camera hardware, installation, and services. Flock Group may be served with process by serving its registered agent at: Resident Agents Inc., 8 The Green, Suite R, Dover, Delaware 19901.

## **JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is

2

between citizens of different states in that the citizenship of plaintiff is completely diverse from the citizenship of the defendants.

6. Venue is appropriate in the United States District Court for the District of North Carolina, Eastern Division pursuant to 28 U.S.C. §1391, in that a substantial part of the events and acts and omissions causing the loss which is the subject of this action occurred in the District of North Carolina, Eastern Division.

## FACTUAL ALLEGATIONS

7. Prior to May 24, 2022, Flock retained East West to provide integrated assembly services at East West's North Carolina facility in conjunction with the assembly of Flock security cameras with PHD lithium-ion batteries.

8. Prior to May 24, 2022, under Flock's verbal direction and supervision, East West purchased from PHD, lithium-ion batteries and battery chargers for the assembly of Flock security cameras.

9. In so doing, PHD sold and shipped lithium-ion batteries and associated chargers, both of which it designed and manufactured, directly to East West's North Carolina facility, for use with the assembly of Flock security cameras.

10. At all relevant times, both Flock and PHD knew that East West was retained by Flock to assemble the Flock security cameras with the use of PHD lithium-ion batteries and PHD chargers.

11. At all relevant times, Flock remotely monitored the assembly and charging of the PHD batteries from charging stations located within the East West facility.

12. At all relevant times, Flock verbally directed East West on the handling, charging and assembly of the Flock Cameras, incorporating PHD batteries and charging the batteries with PHD chargers.

13. Prior to May 24, 2022, Flock experienced supply chain delays, resulting in it sending to East West used/refurbished PHD batteries and then directing East West to assemble and incorporate the used/refurbished batteries into its Flock security cameras.

14. At all relevant times, Flock and PHD knew or should have known that the batteries and chargers it supplied to East-West were incompatible.

15. On or about May 24, 2022 a fire originated within a PHD battery which was located on a charging table within the assembly area of the East West facility. The fire spread to cause fire, smoke and soot damage throughout the facility causing damage to East West's business personal property and business interests.

16. The fire and resultant damage were caused by a defect in the PHD batteries manufactured, designed, distributed, marketed, sold, and supplied by defendants.

17. Pursuant to the policy of insurance issued by Phoenix to East West, East West made claim to Phoenix for its losses as a result of the fire.

18. As a direct and proximate result of the foregoing loss and the negligent acts and omissions of the Defendants, Phoenix paid East West an amount in excess of Five Hundred Thousand Dollars ($500,000.00). Plaintiff Phoenix is subrogated to the rights of East West to recover damages from third persons to the extent of the payments made by Plaintiff Phoenix.

4

## COUNT I – NEGLIGENCE
### Plaintiff v. PHD

19. Plaintiff re-alleges Paragraphs 1 through 18 and incorporates the same herein by reference.

20. This cause of action is brought pursuant to N.C. Gen. Stat 99B-5 and N.C. Gen. Stat. § 99B-6.

21. By holding itself out as manufacturing the batteries and charger(s) products, and thereafter preparing, processing, marketing, advertising, packaging, labeling, selling, and distributing the batteries and charger(s) products with the public believing that PHD manufactured the batteries and charger(s) product, PHD undertook the common law duty of acting with reasonable care.

22. As the manufacturer and/or apparent manufacturer of the batteries and charger(s), defendant manufactured and distributed batteries and charger(s) and placed them in the stream of commerce including into North Carolina knowing that it was to be used without inspection for defects.

23. Defendant had a duty to use reasonable care in the design, manufacture, and distribution of the aforementioned products without any potentially dangerous defects.

24. At all relevant times, including when the incident alleged herein occurred, the Batteries and charger(s) was used in an intended, ordinary, and foreseeable manner.

25. At the time of its manufacture/assembly, Defendants acted unreasonably in designing and manufacturing the batteries.

26. At the time the batteries and charger(s) left Defendant's control, Defendant unreasonably failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design or formulation that could have been reasonably adopted and that would

5

have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the batteries.

27. Defendant PHD, by reason of the conduct of its agents, employees, and representatives, breached its duty by committing one or more of the following negligent acts or omissions, including, but not limited to, the following:

    a. failing to properly design the batteries;

    b. failing to properly manufacture the batteries;

    c. supplying and distributing a defectively designed and manufactured batteries which it knew or should have known would subject the Plaintiff's subrogor's property to an unreasonable risk of harm;

    d. failing to adequately and properly supervise, direct and/or inspect the manufacture and design of the batteries, which supervision, direction and inspection would have revealed defects in the batteries;

    e. selling the batteries product in a defective condition unreasonably dangerous to customers, including East West;

    f. failing to warn East West and other customers of the aforesaid defective condition of the batteries, which it knew or should have known existed and created an unreasonable risk of harm to the property customers, including East West;

    g. failing to warn customers, including East West of the defective condition of the batteries after it sold the batteries to East West;

    h. Failing to design and manufacture the batteries in accordance with applicable industry standards; and

    i. otherwise failing to use due care.

28. The fire would not have occurred but for the defect in the PHD batteries.

29. As a direct and proximate result of the foregoing negligence, carelessness and negligent omissions of defendant, its agents, servants, workmen and/or employees, Plaintiff sustained damage, as hereinbefore averred, in an amount in excess of Five Hundred Thousand Dollars ($500,000.00).

WHEREFORE, Plaintiff requests that this Court:

1. Order a trial by jury on all issues enumerated in this Complaint;

2. Order that Plaintiff recover from the defendants, jointly and severally, damages in an amount in excess of Five Hundred Thousand Dollars ($500,000.00); interest as allowed by law and the costs of this action, including attorney's fees; and

3. Order such other and further relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE
## Plaintiff v. Flock Group

30. Plaintiff hereby incorporates and re-alleges by reference paragraphs 1 through 18 as if fully stated herein.

31. Defendant Flock Group had a duty to exercise reasonable care in its instruction, direction and selection of lithium-ion batteries and chargers provided to East West associated with the assembly and testing of Flock security cameras.

32. Defendant Flock Group had a non-delegable duty to ensure that the instruction, direction, and selection of the PHD batteries and chargers was performed with reasonable care and in a good and workmanlike manner.

33. As a direct and proximate result of defendant Flock Group's negligence, carelessness, and negligent omissions, plaintiff suffered damage to its business personal property and business interests. The defendant's negligence, carelessness, and negligent omissions consisted, *inter alia*, of:

    a. failing to use reasonable care to ensure that its instructions, direction and selection of PHD batteries, was in a good and workmanlike manner;

    b. failing to use reasonable care in providing incompatible chargers with the PHD batteries;

7

  c. failing to use reasonable care by providing used batteries that should not have been re-used without a comprehensive evaluation and testing procedure;

  d. failing to properly provide instructions for the charging of the batteries;

  e. failing to act as a reasonably prudent manufacturer of lithium ion powered security cameras;

  f. failing to warn of the defective nature of the batteries and chargers; and

  g. otherwise failing to exercise reasonable care in ways which may be disclosed in discovery.

34. As a direct and proximate result of defendant Flock Group's negligence as aforesaid, plaintiff suffered damages as described herein.

WHEREFORE, Plaintiff requests that this Court:

1. Order a trial by jury on all issues enumerated in this Complaint;

2. Order that Plaintiff recover from the defendants, jointly and severally, damages in an amount in excess of Five Hundred Thousand Dollars ($500,000.00); pre-judgment interest as allowed by law and the costs of this action, including attorney's fees; and

3. Order such other and further relief as this Court deems just and proper.

This the 4th day of March, 2024.

    SALTZ NALIBOTSKY

    */s/ Albert S. Nalibotsky*
    Albert S. Nalibotsky, Esquire
    North Carolina No.: 19478
    6101 Carnegie Blvd., Suite 440
    Charlotte, North Carolina 28209
    Phone: 704-910-2680
    Email: analibotsky@s-nlaw.com

    *Counsel for Plaintiff*